# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

SHERI HIXON and ALJUAN HIXON,

      Plaintiffs,

v.                          **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 12-2710 (MJD/FLN)

FIRE INSURANCE EXCHANGE,

      Defendant.

_____

Kenneth U. Udoibok, Udoibok, Tupa & Hussy, PLLP, Counsel for Plaintiffs.

Kevin J. Kennedy and Forrest G. Hopper, Borgelt, Powell, Peterson & Frauen S.C., Counsel for Defendant.

_____

## I.    INTRODUCTION

This matter is before the Court on Defendant Fire Insurance Exchange's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). [Docket No. 2] The Court has carefully considered the entire record in this matter and concludes

that oral argument is unnecessary. For the reasons that follow, the Court grants the Defendant's motion to dismiss.

## II. BACKGROUND

### A. Factual Background

Plaintiffs Sheri and Aljuan Hixon are residents of Golden Valley, Minnesota. (Compl. ¶ 5.) On October 31, 2010, a fire occurred on the Plaintiffs' property. (Id. at ¶ 14.) At some time prior to the fire, Plaintiffs purchased an insurance policy from Defendant Fire Insurance Exchange that would purportedly provide coverage for property loss caused by fire. (Id. at ¶ 9.) As a result of the fire, the Plaintiffs maintain that they incurred a total loss to the building structure and loss of content properties, including, but not limited to valuable papers, things, and loss of income. (Id. at ¶ 15.) The Plaintiffs' Complaint does not identify the property that is covered by the fire insurance policy or the property where the fire occurred. Plaintiffs' Memorandum of Law in Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss, however, states that the October 31, 2010 fire occurred at their home. [Docket No. 8]

After the fire, Plaintiffs submitted a claim for losses caused by the fire to Defendant Fire Insurance Exchange. (Id. at ¶ 16.) Plaintiffs maintain that they

complied with the terms of the insurance policy and fully cooperated by providing Defendant with timely notice, proof of loss, and all available records in their possession. (Id. at ¶ 17.) The Plaintiff's proof of loss for the fire damage included a claim for $305,000, which is the insurance limit for the building, $228,750, which is the insurance limit for personal property, $122,000, which is the insurance limit for loss of use, and $30,000, which is the insurance limit for separate structure. (Id. at ¶ 18.) Defendant Fire Insurance Exchange denied Plaintiffs any coverage or benefits under the insurance policy and denied liability for the claim. (Id. at ¶ 19.)

### B. Procedural Background

On October 24, 2012, Plaintiffs Sheri and Aljuan Hixon filed a Complaint in the District of Minnesota against Defendant Fire Insurance Exchange. [Docket No. 1] Plaintiff's first cause of action seeks a declaratory judgment that the insurance policy provides Plaintiffs with insurance coverage for the claim they submitted to Defendant and that Plaintiffs are entitled to prompt payment for the loss they submitted to Defendant. Plaintiff also brings claims for breach of contract (second cause of action) and common law unjust enrichment (third cause of action).

## III. DISCUSSION

### A. Standard of Review

A plaintiff bears the burden of establishing the Court's subject matter jurisdiction. Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006).

> In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.

Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (citations omitted).

In this case, Defendant asserts a factual challenge to jurisdiction and relies on materials beyond the pleadings to argue that the Court lacks subject matter jurisdiction because there is not complete diversity between the parties.

### B. Diversity Jurisdiction

#### 1. Standard

The federal district courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 551 (2005). Federal district courts may not exercise jurisdiction absent a statutory basis. Id. In that regard, Congress has conferred to the district courts original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332 (2005).

In order for a court to have diversity jurisdiction over a dispute based on 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different residence than, each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). The presence of a nondiverse party automatically destroys subject matter jurisdiction when jurisdiction is based solely on diversity. Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 389 (1998). Therefore, diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. Owen Equip., 437 U.S. at 374.

Lack of subject matter jurisdiction cannot be ignored by the court or waived by the parties. Hunter v. Underwood, 362 F.3d 468, 476 (8th Cir. 2004). A question of subject-matter jurisdiction may be raised by the court sua sponte at any time. Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006).

### 2. Merits

The Complaint asserts the following basis for subject matter jurisdiction:

1. The United States District Court for the District of Minnesota has diversity jurisdiction over the claims in this lawsuit under 28 U.S.C. § 1332(a) and (c).
2. Upon information and belief, Defendant Fire is incorporated in the State of California with a principal place of business in the State of California, and Plaintiffs are residents of the State of Minnesota.
3. Upon information and belief, the matter in controversy exceeds the value of $75,000.00, exclusive of interests and costs.

[Dkt. No. 1 at ¶¶ 1-3]

The Complaint provides further allegations regarding Defendant's organizational structure and citizenship:

6. Upon information and belief, Defendant Fire Insurance Exchange is a corporation organized and existing under the laws of the State of California, NAIC ID: 21660, with a principal place of business located at: 4680 Wilshire Boulevard, Los Angeles, California 90010-3807.

[Dkt. No. 1 at ¶ 6]

Defendant asserts a factual challenge to Plaintiff's allegations regarding Defendant's organizational structure and citizenship. Defendant provides an affidavit from its Assistant Secretary Adam G. Morris regarding its organizational structure and citizenship. [Docket No. 5] Defendant maintains

that it is a reciprocal or inter-insurance exchange and therefore is an unincorporated association consisting of subscribers who are policyholders. (Morris Aff. at ¶¶ 3-4); see also In re Minnesota Ins. Underwriters, 36 F.2d 371, 372 (D. Minn. 1929) ("[I]t is clear that a reciprocal or interinsurance exchange is something more than a partnership and something less than an insurance corporation, and falls within the classification of unincorporated companies…"). Defendant also states that it is not a corporation. (Morris Aff. at ¶ 4.) Defendant also maintains that it is organized under the laws of the State of California and has a principal place of business in Los Angeles, California. (Id. at ¶ 3.)

Reciprocal insurance associations bear the citizenship of each of its subscribers and do not have a fictional citizenship like corporations. See Lewis v. United Service Auto. Assoc., No. 94-2284, 45 F.3d 433, 1994 WL 717650, at *1 (8th Cir. Dec. 29, 1994) (affirming district court's decision that the plaintiff failed to show complete diversity with defendant, a reciprocal inter-insurance exchange, because defendant is a citizen of the states of each of its members); see also Girgis v. Fire Ins. Exch., No. 16 CV-12-J-222-NE (N.D. Ala. Mar. 19, 2012) ("As defendant [Fire Insurance Exchange] has Alabama members such as plaintiff, it is also a citizen of Alabama. Therefore no federal diversity exists and this court

must dismiss this matter for lack of subject-matter jurisdiction under Rule 12(b)(1)."); <u>Erie Ins. Exch. v. Electrolux Home Products, Inc.</u>, No. 3:10cv615, 2011 WL 2945814, at *1-2 (W.D.N.C. July 15, 2011) ("Courts have long recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."); <u>Brown v. Farmers Ins. Co.</u>, No. 06-13693, 2007 WL 496669, at *3 (E.D. Mich. 2007) (finding that Fire Insurance Exchange is a reciprocal or inter-insurance exchange and therefore its citizenship is defined by its members); <u>Bilger v. Pereira</u>, No. Civ. A. 99-3359, 2000 WL 1182526, at *1 (E.D. La. 2000) (holding that Fire Insurance Exchange is an unincorporated entity having the citizenship of its subscribers and dismissing the complaint due to lack of complete diversity). The record before the Court shows that Defendant has subscribers and policyholders, including the Plaintiffs, who are residents of Minnesota. (Compl. ¶ 5; Morris Aff. ¶ 7.) Therefore, Defendant is a citizen of Minnesota and complete diversity between the Plaintiffs and the Defendant does not exist and the Court must dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction.

### C. Plaintiff's Request to Remand Case To State Court

Although Plaintiffs maintain that the Court has subject matter jurisdiction over this dispute, they acknowledge that the Court may find that it lacks jurisdiction. Rather than dismiss the case, Plaintiffs request that the Court remand the case to state court. The Court denies Plaintiffs' request to remand the case to the State Court. Plaintiffs filed their Complaint in Federal Court and the case was never in State Court. There is no legal basis for remanding a case to State Court that originated in Federal Court.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

>Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 2] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 8, 2013          s/ Michael J. Davis

                              Michael J. Davis
                              Chief Judge
                              United States District Court